Reese, J.
delivered the opinion of the court.
As to B. S. Tappan & Co. this is an attachment bill by their creditor the complainant; and as to the defendant R. M. Crook, it is in tbe nature of a garnishment bill, filed with a view to reach certain funds and assets in the hands of the said defendant, which the bill alledges are equitably liable to the satisfaction of complainant’s demand. The answer of defendant Crook states in general terms, that those funds and assets were transferred to him by Tappan & Co. on the ground of their indebtedness to him to a larger amount than those funds and assets would pay; but the proof, upon taking the account before the Master in the Chancery Court, established that those funds and assets exceeded the amount of the indebtedness of Tappan & Co. to the defendant Crook, but that they did not equal the amount of their indebtedness to him, and his liabilities contracted on their account by lending .to them his name; which liabilities he had to meet by payment after the filing of the bill and before tbe taking of the account. Upon this state of the pleadings and of the facts, tbe complainant insists that he is entitled to a decree for the excess of funds assigned beyond *313 the amount of the actual indebtedness of Tappan & Co. to the defendant: and the defendant, on the contrary, insists, that having stated in the answer the true reasons and considerations for the assignment, his omission to speak of indemnity, and his use of the word indebtedness, where liability would have been more appropriate, should not prejudice him, when it appears from the whole case that there is not a dollar in his hands which he may not equitably retain, or which the complainant can equitably demand should be paid over to him; that the truth and the substance of the matter is, that there are no funds in his hands to which any creditor can claim a better equity. This view of the attitude and rights of the parties in the case presented by the defendant, we are of opinion, is substantially correct. The garnishing creditor has no right to take funds from the hands of the creditor to whom assets have been transferred by their debtor for his debt or indemnity, unless his debt and indemnity have been met, and there be an excess beyond; and to make the case turn upon any narrow technical ground of pleading, would do violence to the justice of the case and the rights of the parties.
Let the decree be affirmed.